**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JORGE ROJAS**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRITON GENERAL CONTRACTING LLC**,<br><br>*Defendant.* | Case No. 26-CV-04338<br><br>Judge John Robert Blakey<br><br>Magistrate Judge Young B. Kim |

**DEFENDANT TRITON GENERAL CONTRACTING, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Triton General Contracting, LLC ("Triton" or "Defendant"), by and through its

attorneys, Duane Morris LLP, for its Answer to Plaintiff Jorge Rojas ("Plaintiff" or "Rojas") Class

Action Complaint, hereby states as follows:

**INTRODUCTION**

1.      As the Supreme Court has explained, "Americans passionately disagree about many things.  But they are largely united in their disdain for robocalls.  The Federal Government receives a staggering number of complaints about robocalls — 3.7 million complaints in 2019 alone.  The States likewise field a constant barrage of complaints.  For nearly 30 years, the people's representatives in Congress have been fighting back.  As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**ANSWER:**    Paragraph 1 of the Complaint calls for legal conclusions to which no

response is required.  To the extent a response is required, Triton denies the allegations contained

in Paragraph 1 of the Complaint.

2.      The Plaintiff alleges that Triton General Contracting LLC ("Defendant") made unsolicited telemarketing calls to Plaintiff's telephone number, which was registered on the National Do Not Call Registry, as well as to those of putative class members, in violation of the TCPA.

- 1 -

**ANSWER:** Triton admits that Plaintiff purports to bring a claim under the Telephone Consumer Protection Act ("TCPA"). Triton denies it violated the TCPA. The remainder of Paragraph 2 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:** Paragraph 3 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton admits that district courts have original jurisdiction over civil actions arising under federal laws, including the TCPA. Triton denies any remaining allegations contained in Paragraph 3 of the Complaint.

4. This Court has jurisdiction over Defendant because Defendant (1) made the telemarketing calls at issue to Plaintiff in this District, (2) conducts business transactions in this District.

**ANSWER:** Paragraph 4 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 4 of the Complaint.

5. Venue is proper in this District because the calls were directed into this District.

**ANSWER:** Paragraph 5 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Plaintiff Jorge Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of this District.

**ANSWER:** Triton lacks sufficient knowledge to form a belief as to the location of Plaintiff's residence or where he is a citizen. Triton denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Paragraph 7 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant Triton General Contracting LLC is an Illinois limited liability company, with a primary address in Chicago, IL.

**ANSWER:** Triton admits that it is an Illinois limited liability company and that it maintains an address in Chicago, IL. Triton denies any remaining allegations contained in Paragraph 8 of the Complaint.

## TCPA BACKGROUND

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

**ANSWER:** Paragraph 9 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 9 of the Complaint.

10. The TCPA and its implementing regulations prohibit calling any residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry. *See* 47 U.S.C. § 227, *et seq.*; In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order.

**ANSWER:** Paragraph 10 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 10 of the Complaint.

11. Specifically, the TCPA prohibits telephone solicitations to residential telephone subscribers whose numbers are on the National Do Not Call Registry and provides a private right of action after more than one call in any 12-month period in violation thereof. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Paragraph 11 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

### Plaintiff Rojas's Allegations

12. Plaintiff's telephone number is (424) 219-XXXX.

**ANSWER:** Triton lacks sufficient knowledge to form a belief as to whether Plaintiff's telephone number is (424) 219-XXXX. Triton denies any remaining allegations contained in Paragraph 12 of the Complaint.

13. Plaintiff's telephone number has been registered on the National Do Not Call Registry since prior to receiving the calls described below.

**ANSWER:** Triton lacks sufficient knowledge to form a belief as to whether Plaintiff's telephone number was registered on the national do-not-call registry prior to receiving any alleged calls. Triton denies any remaining allegations contained in Paragraph 13 of the Complaint.

14. Plaintiff uses the number for personal calls.

**ANSWER:** Triton lacks sufficient knowledge to form a belief as to whether Plaintiff uses the alleged telephone number for personal calls. Triton denies any remaining allegations contained in Paragraph 14 of the Complaint.

15.     The number is a residential line of the Plaintiff.

**ANSWER:**     Paragraph 15 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 15 of the Complaint.

16.     Plaintiff never consented to receive telemarketing calls from Defendant.

**ANSWER:**     Paragraph 16 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 16 of the Complaint.

17.     Prior to receiving the calls, Plaintiff never did any business with Defendant.

**ANSWER:**     Paragraph 17 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 17 of the Complaint.

18.     Despite that, Defendant made at least four (4) unsolicited telemarketing calls to Plaintiff.

**ANSWER:**     Paragraph 18 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 18 of the Complaint.

19.     On March 20, 2026 at approximately 4:35 PM, Plaintiff received a telemarketing call from telephone number (630) 473-XXXX.

**ANSWER:**     Paragraph 19 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 19 of the Complaint.

20.     On March 24, 2026 at approximately 10:00 AM, Plaintiff received a second telemarketing call from telephone number (630) 473-XXXX.

**ANSWER:** Paragraph 20 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 20 of the Complaint.

21. On March 24, 2026 at approximately 12:02 PM, Plaintiff received a third telemarketing call from telephone number (630) 473-XXXX.

**ANSWER:** Paragraph 21 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 21 of the Complaint.

22. On March 24, 2026 at approximately 2:43 PM, Plaintiff received a fourth telemarketing call from telephone number (630) 473-XXXX.

**ANSWER:** Paragraph 22 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton admits that it spoke with Plaintiff on or about March 24, 2026. Triton denies any remaining allegations contained in Paragraph 22 of the Complaint.

23. During this call, Plaintiff spoke with an individual who identified himself as "George" and confirmed he was calling on behalf of "Tri Construction" soliciting Defendant's general contracting services.

**ANSWER:** Paragraph 23 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton admits that it spoke with Plaintiff on or about March 24, 2026. Triton denies any remaining allegations contained in Paragraph 23 of the Complaint.

24. "Tri Construction" is a reference to Triton General Contracting LLC.

**ANSWER:** Paragraph 24 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton admits that the reference to "Tri

Construction" on the March 24, 2026, call was a reference to Triton General Contracting LLC. Triton denies any remaining allegations contained in Paragraph 24 of the Complaint.

25. These were services offered to individual consumers like the Plaintiff.

**ANSWER:** Triton admits it offers services to individual consumers. The remainder of Paragraph 25 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 25 of the Complaint.

26. Following these calls, Plaintiff sent Defendant an investigation letter demanding information regarding the basis for the calls, including any claimed consent.

**ANSWER:** Paragraph 26 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant failed to produce any evidence of prior express consent to receive telemarketing calls.

**ANSWER:** Paragraph 27 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 27 of the Complaint.

28. The calls were made for the purpose of soliciting Defendant's general contracting services.

**ANSWER:** Paragraph 28 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 28 of the Complaint.

29. The Plaintiff and putative class members were harmed by these unwanted calls.

**ANSWER:** Paragraph 29 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 29 of the Complaint.

## CLASS ACTION ALLEGATIONS

30. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

**ANSWER:** Triton admits that Plaintiff seeks to maintain this case as a class action. Triton denies that Plaintiff can maintain this case as a class action. The remainder of Paragraph 30 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 30 of the Complaint.

31. The class of persons Plaintiff propose to represent is tentatively defined as:

**National DNC Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telemarketing call from Defendant or an agent acting on Defendant's behalf; (3) within a 12-month period.

This is referred to as the "Class."

**ANSWER:** Paragraph 31 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 31 of the Complaint.

32. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** Paragraph 32 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 32 of the Complaint.

33.     The Class as defined above are identifiable through phone records and phone number databases.

**ANSWER:**     Paragraph 33 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 33 of the Complaint.

34.     The potential members of the Class number at least in the thousands.

**ANSWER:**     Paragraph 34 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 34 of the Complaint.

35.     Individual joinder of these persons is impracticable.

**ANSWER:**     Paragraph 35 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 35 of the Complaint.

36.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a)     whether Defendant systematically made telemarketing calls to class members whose telephone numbers were on the National Do Not Call Registry;

(b)     whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express invitation or permission;

(c)     whether Defendant's conduct constitutes a violation of the TCPA; and

(d)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:**     Paragraph 36 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 36 of the Complaint.

37.     Plaintiff's claims are typical of the claims of members of the Class.

**ANSWER:**     Paragraph 37 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 37 of the Complaint.

38.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER:**     Paragraph 38 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 38 of the Complaint.

39.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:**     Paragraph 39 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 39 of the Complaint.

40.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:**     Paragraph 40 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, Triton denies the allegations contained in Paragraph 40 of the Complaint.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5))**
**(On Behalf of Plaintiff and the National DNC Registry Class)**

41.     Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER:** Triton incorporates by reference its answers in Paragraphs 1-40 as if set forth fully herein.

42. Defendant and/or its agents made unwanted telemarketing calls to Plaintiff and the other members of the National DNC Registry Class despite their telephone numbers being registered on the National Do Not Call Registry.

**ANSWER:** Paragraph 42 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 42 of the Complaint.

43. These calls were made *en masse* without prior express invitation or permission, in violation of the TCPA's national do-not-call provisions.

**ANSWER:** Paragraph 43 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 43 of the Complaint.

44. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). As a result of Defendant's conduct, Plaintiff and the other members of the National DNC Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each knowing or willful violation.

**ANSWER:** Paragraph 44 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Triton denies the allegations contained in Paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

- 11 -

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**ANSWER:** Triton admits that Plaintiff purports to pray for relief as set forth in the Prayer for Relief. Triton denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations set forth in Plaintiff's Prayer for Relief.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**ANSWER:** Triton admits that Plaintiff demands a trial by jury. Triton also demands a jury trial as to all issues so triable. Triton denies the remaining allegations contained in the Jury Demand of the Complaint.

## ANSWER TO REMAINDER OF COMPLAINT

Triton denies each and every allegation in the Complaint that has not been separately and specifically admitted.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Triton demands a trial by jury on all claims and issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Triton hereby states its Affirmative and Other Defenses to Plaintiff's Class Action Complaint, without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff or any putative class members. Triton reserves the right to amend its answer and to assert any additional affirmative defenses as may become available or apparent during this litigation. For its affirmative defenses, Triton hereby states as follows:

**First Affirmative Defense**
**(No Class Certification)**

This case may not be maintained as a class action because Plaintiff has not and cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23. Triton opposes class certification and disputes the propriety of class action treatment for reasons that include, but are not limited to, the lack of commonality, predominance, superiority, adequacy, and typicality among Plaintiff and the putative class members. If the Court certifies a class action in this case over Triton's objections, then Triton asserts the affirmative defenses set forth herein against each member of any certified class.

**Second Affirmative Defense**
**(Consent / Established Business Relationship)**

Plaintiff's claim and/or those claims of any putative class members are barred by the doctrines of consent, prior express consent, prior express written consent, prior express invitation or permission, established business relationship, and/or all other similar concepts. Triton acted in good faith and had reasonable grounds for believing that it acted properly in its practices with respect to Plaintiff and/or the putative class members he seeks to represent.

**Third Affirmative Defense**
**(No Treble Damages)**

Neither Plaintiff nor any putative class member is entitled to statutory damages pursuant to the formula set forth in 47 U.S.C. § 227(c)(5), because Triton did not willfully or knowingly fail to comply with the relevant provisions of the TCPA.

**Fourth Affirmative Defense**
**(Safe Harbors)**

Plaintiff's claim and/or those claims of any putative class members are barred because Triton has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227.

**Fifth Affirmative Defense**
**(Residential Telephone Subscribers)**

Plaintiff's claims and/or any potential class member's claims are barred to the extent that their telephone number is a business or non-residential telephone number.

**Sixth Affirmative Defense**
**(No Registration)**

Plaintiff's claims and/or any potential class member's claims are barred to the extent that they did not register their number on the national do-not-call list or registry.

**Seventh Affirmative Defense**
**(Ratification/Acquiescence)**

Plaintiff's claim's and/or any putative class member's claims are barred because Plaintiff and the individuals he seeks to represent consented to, acquiesced in, and/or ratified through express or implied agreement the conduct of which they now complain.

- 14 -

## Eighth Affirmative Defense
### (Statute of Limitations)

To the extent that Plaintiff and/or any putative class member seeks recovery for any period beyond the statute of limitations period applicable to his or her claims, Plaintiff's claims and those of any putative class members are barred, in whole or in part.

## Ninth Affirmative Defense
### (Arbitration Agreements)

To the extent that Plaintiff and/or any putative class member's claims are subject to an arbitration agreement, Triton asserts that such claims cannot proceed in federal or state court.

## Tenth Affirmative Defense
### (Releases)

To the extent that Plaintiff and/or any putative class member's claims are barred by a release, settlement agreement, and/or an agreement of any other kind, Triton asserts that such claims are barred.

## Eleventh Affirmative Defense
### (Failure to Satisfy Condition Precedent)

To the extent Plaintiff and/or putative class members failed to satisfy any conditions precedent that are necessary to maintain their claims, or failed to exhaust administrative remedies, said claims may be barred, in whole or in part.

## Twelfth Affirmative Defense
### (Intervening Acts)

Plaintiff's claims and/or any putative class member's claims are barred because of an intervening act or intervening acts by one or more third parties and/or because of a superseding cause.

### Thirteenth Affirmative Defense
### (Failure to Mitigate)

Triton relies upon the defense of failure to mitigate damages as a complete or partial bar to Plaintiff's and/or any putative class member's claims.

### Fourteenth Affirmative Defense
### (No Penalties)

Plaintiff's and/or any purported class member's claims fail to allege facts sufficient to constitute a claim for which attorneys' fees, punitive damages, statutory damages, or costs may be awarded.

### Fifteenth Affirmative Defense
### (Fraudulent Registration)

Plaintiff's and/or any putative class member's claims are barred to the extent that they fraudulently registered their purported number with the national do-not-call list or registry.

### Sixteenth Affirmative Defense
### (No Standing)

Plaintiff and/or any putative class members lack standing to bring claims for damages and/or injunctive relief because they have not suffered injuries, have not incurred any harm, are not entitled to any legal remedy, or were not the party charged for the calls that allegedly violated the TCPA.

### Seventeenth Affirmative Defense
### (Contribution)

Plaintiff and/or any putative class member's claims are barred to the extent that Plaintiff's and/or any putative class member's own acts or omissions caused or contributed to their claims.

- 16 -

**Eighteenth Affirmative Defense**
**(Due Process Clause)**

The statutory damages under the TCPA are unconstitutional, in that they constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**Nineteenth Affirmative Defense**
**(Waiver/Estoppel/Laches)**

Plaintiff and/or any putative class member's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches, as Plaintiff and/or the putative class members may have, whether through their actions or otherwise, given up their right to assert the claims alleged in the Complaint.

**Twentieth Affirmative Defense**
**(One Call)**

Plaintiff's claims and/or any putative class member's claims are barred, in whole or in part, to the extent Plaintiff or the putative class members did not receive more than one telephone call within any 12-month period made by or on behalf of Triton.

**Twenty-First Affirmative Defense**
**(Bona Fide Error)**

Plaintiff and/or any putative class member's claims are barred, in whole or in part, to the extent there was any violation of the TCPA or the related implementing regulations, which Triton denies, because any such violation was not intentional and resulted from a bona fide error.

**RESERVATION OF RIGHTS**

Triton reserves the right to amend its Answer and/or to assert any additional and/or affirmative defenses as may become available or apparent during this litigation.

- 17 -

WHEREFORE, Defendant Triton General Contracting LLC denies that Plaintiff is entitled to any relief and requests, in light of these affirmative and/or additional defenses, that Plaintiff's Class Action Complaint be dismissed in its entirety with prejudice, that judgment be entered in Triton's favor, and that Triton be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

**Dated:  July 3, 2026**

Respectfully submitted,

TRITON GENERAL CONTRACTING, LLC

By*:   /s/ Ryan T. Garippo*
One of Its Attorneys

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
**DUANE MORRIS LLP**
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

*Attorneys for Defendant*

- 18 -

## **CERTIFICATE OF SERVICE**

I, Ryan T. Garippo, an attorney, certify that on July 3, 2026, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System, which served all counsel of record, including:

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Email: anthony@paronichlaw.com

/s/ Ryan T. Garippo
Ryan T. Garippo