**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>    v.<br><br>**TRITON GENERAL CONTRACTING LLC**<br><br>*Defendant*. | Civil Case No.: 26-cv-4338 |

**INITIAL STATUS REPORT**

The Parties submit this Initial Status Report consistent with the Court's April 27, 2026 Minute Order (ECF No. 5), as modified by the Court's June 11, 2026 Minute Order (ECF No. 14).

1.   **Type of Initial Status Report (e.g., Joint or Individual).**

Joint.

2.   **Service of Process.**

Service of process has been completed.  Defendant has appeared through counsel.

3.   **Nature of the Case**

a.   **Attorneys of Record for Each Party**

Plaintiff
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Defendant
Gerald L. Maatman, Jr.[1]
Jennifer A. Riley
Ryan T. Garippo
Duane Morris LLP
190 S. LaSalle Street, Suite 3700

---

[1]  Gerald L. Maatman, Jr. is a member of the trial bar for the U.S. District Court for the Northern District of Illinois.

Chicago, IL 60603

b. **Basis for Federal Jurisdiction**

The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff'
claims arise under federal law.

c. **Describe the nature of the claims asserted in the complaint and any counterclaims or affirmative defenses.**

Plaintiff Jorge Rojas ("Plaintiff" or "Rojas") brings this action to enforce the consumer privacy protections of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that Defendant Triton General Contracting LLC ("Defendant" or "Triton") made unsolicited telemarketing calls to Plaintiff's residential telephone number despite the number being registered on the National Do Not Call Registry. Plaintiff further alleges that Defendant engaged in the same conduct with respect to numerous other consumers nationwide and seeks certification of a nationwide class under Federal Rule of Civil Procedure 23.

Defendant denies the allegations in Plaintiff's Complaint and maintains that Plaintiff will not be able to satisfy the requirements of Federal Rule of Civil Procedure 23. Defendant's affirmative defenses include that: the alleged calls were made with prior express invitation or permission; the alleged calls were made pursuant to an established business relationship; and that Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations.

d. **State the major legal and factual issues anticipated in the case.**

- Whether the calls at issue constituted "telephone solicitations" or telemarketing under the TCPA;

- Whether Plaintiff's and/or putative class members' telephone numbers were registered on the national do-not-call registry;

2

- Whether Plaintiff and/or putative class members were residential telephone subscribers;

- Whether Defendant possessed prior express invitation or permission to place the alleged calls;

- Whether Defendant had an established business relationship with Plaintiff and/or the putative class members;

- Whether Defendant is liable for calls placed directly or through agents or third-party vendors;

- Whether Defendant acted knowingly or willfully;

- Whether this action satisfies the requirements for certification under Rule 23(b)(2) and/or Rule 23(b)(3).

e. **Describe the type and calculation of damages and any other relief sought by Plaintiff(s).**

Plaintiff seeks certification of the following class pursuant to Rule 23(b)(2) and/or 23(b)(3):

> **National DNC Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telemarketing call from Defendant or an agent acting on Defendant's behalf; (3) within a 12-month period.

Plaintiff seeks statutory damages of $500 for each violative call, pursuant to 47 U.S.C. § 227(c)(5). Plaintiff also seeks treble damages for any violation that is found to be "knowing" or "willful." *Id.* Plaintiff also seeks injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47

U.S.C. § 227, by making calls, except for emergency purposes, to any number on the national do-not-call registry in the future.

4.      **Pending Motions and Case Plan**

    a.    **Identify all Pending Motions**.

    None.

    b.    **Counsel for all parties must submit a proposal for discovery and a case management plan, including the following information:**

        i.    **The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;**

Plaintiff anticipates seeking testimony, documents, and data that will include: (1) electronic data regarding the calls placed in this case; (2) electronic mail related to the allegations of this case; (3) electronic data tracking any consent to receive calls that consumers provided; (4) contracts and other documents relating to the relationship between Defendant and their vendors at issue; (5) Defendant's policies and procedures concerning TCPA compliance regarding the marketing and promotion of their services and products; and (6) complaints regarding illegal telemarketing that call recipients made to the Defendant, and Defendant's responses.

Defendant anticipates seeking testimony, documents, and data that will include: (1) Plaintiff's call and phone records; (2) documents regarding Plaintiff's residential and non-residential use of his telephone; (3) documents regarding Plaintiff's prior litigation history under the TCPA; (4) documents regarding Plaintiff's allegations in the Complaint, including that he registered his telephone on the national do-not-call registry, and that he an adequate and typical

representative of the class he seeks to represent; and (5) documents regarding Defendant's defenses.

**ii.      A date for Rule 26(a)(1) disclosures;**

July 24, 2026

**iii.     A date to issue written discovery;**

July 10, 2026

**iv.      The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order, and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov);**

Defendant anticipates the need for a confidentiality order.  The Parties will confer regarding the sufficiency of the model confidentiality order contemplated by Local Rule 26.2

**v.       The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers;**

The Parties do not anticipate the need for any HIPAA waivers.

**vi.      A fact discovery completion date;**

February 26, 2027

**vii.     Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);**

The Parties will need expert discovery.  They propose

| Event | Date |
|---|---|
| Plaintiff's Disclosures | March 26, 2027 |
| Defendant's Disclosures | April 30, 2027 |
| Expert Depositions Completed | May 28, 2027 |

5

**viii.** **A proposed date for the filing of dispositive motions (if any);**

Plaintiff will file a class certification motion by June 25, 2027, and any motions for summary judgment shall be filed by the same date.

**ix.** **A tentative trial date.**

Winter of 2028.

c. **With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

The Parties both request a jury trial and anticipate a 5-day trial.

5. **Consent to Proceed Before a Magistrate Judge**

The Parties do not unanimously consent to proceed before a magistrate judge.

6. **Status of Settlement Discussions**

a. **Describe the status of settlement discussions; and**

The Parties have begun discussions regarding the case but have not engaged in substantive settlement negotiations.

b. **Indicate whether the parties request a settlement conference.**

The Parties have discussed settlement, but do not request a settlement conference at this time.

JORGE ROJAS,

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Phone: (508) 221-1510
Email: anthony@paronichlaw.com

TRITON GENERAL CONTRACTING, LLC,

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Phone:  (312) 499-6700
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

<u>/s/ *Anthony I. Paronich*</u>
Anthony I. Paronich