## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**JORGE ROJAS**, on behalf of himself and all other similarly situated,

*Plaintiff,*

v.

**TRITON GENERAL CONTRACTING LLC**,

*Defendant.*

Case No. 26-CV-04338

Judge John Robert Blakey

Magistrate Judge Young B. Kim

### MOTION TO WITHDRAW APPEARANCES ON BEHALF OF
### TRITON GENERAL CONTRACTING LLC

Attorneys Gerald L. Maatman, Jr., Jennifer A. Riley, and Ryan T. Garippo, of Duane Morris LLP (collectively "Movants"), pursuant to Local Rule 83.17, respectfully move for leave to withdraw their appearances on behalf of Triton General Contracting LLC ("Defendant" or "Triton"), and hereby state as follows:

### I.    BACKGROUND & ARGUMENT

1.    On June 5, 2026, Gerald L. Maatman, Jr., Jennifer A. Riley, and Ryan T. Garippo filed their appearances in connection with this matter on behalf of Defendant.  (*See* ECF Nos. 9-11).  Movants now request that this Court allow them to withdraw their appearances in connection with that same action.

2.    "Courts have wide discretion to manage the withdrawal and appearance of attorneys during proceedings." *Black v. Wrigley*, 997 F.3d 702, 713 (7th Cir. 2021) (citing N.D. Ill. L.R. 83.17.)  A showing of "[g]ood cause" is sufficient to allow attorneys to withdraw as counsel of record. *City of Joliet v. Mid-City Nat. Bank of Chicago*, 998 F. Supp. 2d 689, 693 (N.D. Ill. 2014).  "Good cause has . . .  been found in cases where there is 'an irreconcilable breakdown in

- 1 -

the attorney-client relationship.'" *Id.* (quoting *Barbee v. L. Fish Furniture Co.*, No. 05–CV–00550, 2006 WL 3201938, at *2 (S.D. Ind. May 4, 2006)). Here, good cause exists to allow Movants to withdraw for at least three reasons.

3. First, this Court should grant Movants' motion because professional considerations and irreconcilable differences have arisen in the professional relationship between Movants and Defendant. Movants have sent a copy of this motion and corresponding notice of motion to Defendant's email (to its respective last known email address) and registered mail (to its respective last known address), return receipt requested.

4. Second, this Court should grant Movants' motion because they followed the procedures outlined by the Local Rules governing motions to withdraw. Because new counsel has not yet appeared for Defendant, Movants have filed the form Notification of Party Contact Information for Defendant, attached hereto as **Exhibit A**. *See* N.D. Ill. L.R. 83.17 ("Where an attorney withdraws from representing a party in a case and no other attorney has an active appearance on the docket for that party, the form Notification of Party Contact Information must be electronically filed as an attachment to the motion to withdraw."). As a result, the good cause standard has been satisfied, and this Court should grant Movants' motion.

5. Third, this Court should grant this motion because it is not brought for the purpose of delay and will not prolong these proceedings. On July 8, 2026, this Court recently entered a scheduling order in connection with this action and provided the parties until February 26, 2027, to complete discovery. (ECF No. 17 at PageID 60.) The parties, therefore, still have over seven months to complete discovery and this motion to withdraw is unlikely to cause a material delay to these proceedings. For each of these reasons, the good cause standard is satisfied.

## II.  PLAINTIFF'S OBJECTION

6.  On July 14, 2026, Movants conferred with counsel for Plaintiff Jorge Rojas ("Plaintiff" or "Rojas") regarding this motion.  Plaintiff indicated that the relief requested is unopposed "if substitute counsel is coming in."  (**Exhibit B**, Parties' Email Correspondence, at 1.) But if Defendant had not yet identified "substitute counsel," then the motion would "likely" be opposed due to the "outstanding discovery obligations" between the parties.  (*Id.*)

7.  Plaintiff's concern regarding the parties' "discovery obligations" is not a sufficient basis to oppose this motion.  Other courts within this District have explained that an opposing party may only overcome a movant's showing of good cause if the movant is engaged in "strategic conduct" or if there will be "severe prejudice" to the non-movant.  *City of Joliet*, 998 F. Supp. 2d at 693-94 (granting motion to withdraw after "ninety-five days of trial, with only closing arguments and proposed findings of fact and conclusions of law remaining").  Neither of these exceptions are applicable here.

8.  Here, Plaintiff will not suffer "severe prejudice" nor are there any facts that would suggest that Movants are engaged in the "strategic conduct" contemplated by *City of Joliet*.  Other than the deadline to complete fact discovery, the only interim discovery deadline in this Court's scheduling order is the July 24, 2026, deadline to "exchange Rule 26(a)(1) disclosures and issue written discovery." (ECF No. 17 at PageID 60.)  Both parties, however, have already issued written discovery.  Thus, the discovery deadlines within the next thirty days, consist of the exchange of Rule 26(a)(1) disclosures and the parties' respective deadlines to serve responses and objections to written discovery.

9.  To the extent that additional time is required to meet those deadlines, this Court may extend those deadlines under Rule 6(b)(1)(A)'s "non-rigorous standard" for extensions of

time, without modifying the existing scheduling order or prejudice to Plaintiff. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (collecting cases); *McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) ("[U]nder Rule 6(b)(1), as interpreted by case law, the term 'good cause' [for an extension] imposes a light burden."). "Delay alone, however, does not constitute prejudice." *Cmty. Bank & Tr. W. Georgia v. Blue Sky Props.*, LLC, No. 25-CV-00454, 2025 WL 3764683, at *1 (D. Me. Dec. 30, 2025) (granting Rule 6(b)(1) motion over a non-movant's objection). Because Plaintiff cannot show prejudice – let alone "severe prejudice" or "strategic conduct" by Movants – Movants' motion should be granted over his objection. *City of Joliet*, 998 F. Supp. 2d at 693-94.

WHEREFORE, Movants respectfully request that this Court grant them leave to withdraw their appearances on behalf of Defendant Triton General Contracting LLC, and also respectfully request Defendant be afforded thirty days to retain new counsel.

**Dated:  July 17, 2026**

Respectfully submitted,

TRITON GENERAL CONTRACTING, LLC

By:   /s/ *Gerald L. Maatman, Jr.*
One of Its Attorneys

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
**DUANE MORRIS LLP**
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com

- 5 -

Email:  rgarippo@duanemorris.com

***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I, Gerald L. Maatman, Jr., an attorney, certify that on July 17, 2026, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System, which served all counsel of record, including:

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Email: anthony@paronichlaw.com

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.