**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>             *Plaintiff*,<br><br>  v.<br><br>**TRITON GENERAL CONTRACTING LLC**<br><br>             *Defendant*. | Civil Case No.: 26-cv-4338 |

**PLAINTIFF OPPOSITION TO**
**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**

Plaintiff, Jorge Rojas ("Mr. Rojas"), files this Opposition to Motion to Withdraw as Counsel for Defendant Triton General Contracting LLC ("Triton General") (the "Motion") and states as follows.

In light of the circumstances discussed below, Plaintiff requests that the Court require Defendant, through a corporate representative, to appear at the upcoming status conference. Requiring Defendant to appear through a corporate representative will ensure that Defendant is aware of its obligations, will clarify whether Defendant intends to retain substitute counsel, and will allow the Court to address any issues concerning Defendant's continued participation in this litigation. Without such a requirement, there is a substantial risk that Defendant may fail to participate while avoiding its discovery obligations, which would prejudice Plaintiff's ability to prosecute this action, particularly in light of the importance of Defendant's call records and related data in this TCPA case.

Indeed, recently another federal court in a TCPA case did exactly this in *Spoon v. NVA Financial Services, LLC*, Civil Action No. 26-cv-69, ECF No. 18 (E.D. Va. May 1, 2026):

Upon consideration of the Motion, it is hereby ORDERED that the Motion to Continue is GRANTED; and it is further ORDERED that the hearing currently scheduled for May 1, 2026 on Defendants Motion to Withdraw as Counsel is rescheduled to May 5, 2026 at 10:00 a.m. in Courtroom 500; and it is further ORDERED that a corporate representative of Defendant NVA Financial Services, LLC shall appear at the hearing on May 5, 2026 at 10:00 a.m. Signed by Magistrate Judge William E. Fitzpatrick on 4/30/26.

Similar to this case, the defendant in *Spoon* began discovery and then, in an apparent strategic maneuver, decided to take a default prior to producing any class discovery. It appears that the Court intends to inquire of them their basis for doing so. The Plaintiff respectfully requests that the Court do the same here and would be willing to have all parties attend such a hearing in person.

The *Spoon* Court is not the only one that took this approach in a TCPA class action involving a corporate defendant. In *Bulgart v. Prime Time Window Cleaning, Inc.*, No. 1:24-cv-13306 (N.D. Ill.), after discovery had commenced and counsel moved to withdraw, the district court did not simply grant the motion. Instead, Judge Daniel scheduled a hearing and expressly ordered that "[n]ew counsel or a representative of defendant Prime Time Window Cleaning, Inc. must appear." The same safeguards are warranted here. At minimum, before permitting withdrawal, this Court should require an authorized representative of Triton General Contracting LLC to appear and explain whether substitute counsel will be retained, whether Defendant intends to continue defending this action, and how Defendant proposes to satisfy its imminent discovery obligations.

### Legal Argument

The Plaintiff does not oppose the Motion if Triton General intends to engage new counsel and have new counsel enter their appearance before this Motion is granted. However, "the ABA *Model Rules of Professional Conduct* provide that an attorney may withdraw from a case if 'good cause for withdrawal exists.'" *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (citing *Model Rules of Professional Conduct*, Rule

1.16(b)(7).

Here, even assuming Triton General can establish good cause for withdrawal, withdrawal should be denied or strictly conditioned because it would materially prejudice Plaintiff by disrupting ongoing class discovery, delaying compliance with the Court's existing discovery-management orders, and creating substantial uncertainty regarding Defendant's continued participation in discovery at a critical stage of the case. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,* 310 F.3d 537, 540 (7th Cir. 2002) ("A lawyer engaged in strategic conduct may forfeit any right to withdraw."). Similarly, "prejudice to third parties—who might have more to lose than the unpaid lawyer—is another potential ground for denying a motion to withdraw." *Id.*

If Triton General does not intend to engage new counsel and defend the case, Triton General would effectively be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford Triton General a strategic advantage. In a TCPA class action lawsuit, a defendant's call records and data about the calling conduct are the <u>key</u> evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at \*10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at \*8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at \*7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at \*3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at \*4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."). If current counsel withdraws and is not replaced and Triton General defaults and refuses to provide any call records

4

or data (or identify any third parties having such relevant information), Mr. Rojas will be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by Triton General.

Courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, if the Court is inclined to allow counsel to withdraw without the entry of replacement counsel, it will provide prejudice to Mr. Rojas and the members of the putative class.

Discovery has already commenced, and both parties presently have outstanding discovery obligations. On June 30, 2026, the parties began conferring regarding the initial joint status report and scheduled a conference to discuss the proposed discovery schedule and other case-management issues. The parties conferred on July 3, 2026, defense counsel circulated clean and redlined versions of the report following that conference, and Plaintiff filed the agreed joint status report on July 5, 2026.

Consistent with the parties' agreement to proceed with discovery, Plaintiff served his First Set of Discovery on Triton General. Those requests remain pending, and Triton General's responses are due imminently. On July 10, 2026, Triton General likewise served its First Set of Interrogatories and First Set of Requests for Production on Plaintiff. Plaintiff is therefore presently

5

preparing responses to discovery propounded by Triton General while awaiting Triton General's responses to Plaintiff's own discovery.

Only four days after Triton General served its discovery requests, current defense counsel advised Plaintiff on July 14, 2026, that counsel intended to move to withdraw. Thus, this is not a case in which withdrawal is sought before the parties commenced discovery or undertook substantive litigation activity. Current counsel participated in preparing the parties' initial joint status report, agreed to proceed with discovery, received Plaintiff's discovery requests, and affirmatively served discovery on Plaintiff before announcing its intention to withdraw.

Permitting counsel to withdraw without the simultaneous appearance of substitute counsel would create immediate uncertainty regarding who will preserve, collect, review, and produce Triton General's responsive documents and electronically stored information; whether Triton General will answer Plaintiff's interrogatories and requests for production by the applicable deadline; and whether anyone authorized to act for Triton General will remain available to confer regarding discovery disputes. Because Triton General is a corporate entity that cannot litigate without licensed counsel, an unconditional withdrawal could leave Plaintiff obligated to respond to Defendant's discovery while depriving Plaintiff of any practical means to obtain Defendant's reciprocal discovery responses.

This prejudice is particularly significant in a putative TCPA class action because Plaintiff's discovery seeks information within Triton General's possession or control concerning the calls at issue, the calling campaign, the persons and entities involved in placing the calls, and the records necessary to determine the scope of the proposed class. Withdrawal should therefore either be deferred until substitute counsel appears or conditioned upon Triton General timely satisfying its

outstanding discovery obligations and designating a corporate representative to appear at the upcoming status conference.

Accordingly, even if the Court is inclined to grant the Motion, Plaintiff respectfully requests that withdrawal be conditioned upon the appearance of substitute counsel by a date certain, at minimum, that withdrawal not become effective until Defendant has served responses to Plaintiff's pending written discovery and substitute counsel has entered an appearance

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court condition any withdrawal of counsel on the prompt appearance of substitute counsel for Triton General Contracting LLC. At a minimum, Plaintiff requests that the Court require an authorized corporate representative of Triton General Contracting LLC to appear at the upcoming status conference to advise the Court whether Defendant intends to retain substitute counsel and continue defending this action. Plaintiff further requests that any withdrawal not become effective until substitute counsel has entered an appearance or, alternatively, until Defendant has complied with its outstanding discovery obligations, including serving responses to Plaintiff's pending written discovery. Plaintiff requests such other and further relief as the Court deems just and proper.

Dated:  July 22, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*